In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1220

James V. Talano, M.D.,

Plaintiff-Appellant,

v.

Northwestern Medical Faculty Foundation, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 7618--John A. Nordberg, Judge.

Argued September 6, 2001--Decided December 10, 2001


Before Coffey, Kanne, and Evans, Circuit
Judges.

Kanne, Circuit Judge.  Plaintiff-
Appellant, Dr. James V. Talano
("Talano"), appeals the district court's
August 3, 2000 final order entering
summary judgment in favor of Northwestern
Medical Faculty Foundation ("NMFF"). Tal
ano also appeals the district court's
December 27, 2000 denial of his Motion
for Reconsideration. We lack jurisdiction
to address Talano's appeal regarding the
August 3 order because the appeal is
untimely. Additionally, although we have
jurisdiction to address Talano's appeal
of the denial of his Motion for
Reconsideration, we affirm the district
court's denial of this motion because it
does not conform to the requirements of
Federal Rule of Civil Procedure 60(b).

I.  History

On October 29, 1997, Talano filed a one-
count complaint alleging that his
employer, NMFF, subjected him to age
discrimination in violation of the Age
Discrimination in Employment Act
("ADEA"). 29 U.S.C. sec. 621 et seq.
Talano later amended this complaint,
adding additional incidents of age
discrimination and a state law claim for
breach of contract. NMFF filed a motion
for summary judgment with respect to

Talano's age discrimination claim. The district court granted NMFF's motion for summary judgment in part, holding that all but two of the incidents underlying the age discrimination count could not be considered because they occurred outside the applicable limitations period. At the conclusion of discovery, NMFF filed a second motion for summary judgment on the remaining two incidents underlying the age discrimination count and on the state law breach of contract count. The district court granted NMFF's motion and entered a final order in favor of NMFF on August 3, 2000.

On August 16, 2000, Talano filed a Motion for Reconsideration/1 pursuant to Federal Rule of Civil Procedure 59(e). Originally, Talano's motion was noticed for presentment on August 23, 2000. Due to the district court judge's absence, however, presentment was rescheduled for September 7, 2000. On September 7, NMFF filed a written opposition to Talano's motion. On the same date, over NMFF's objections, the district court accepted for filing a twelve-page memorandum from Talano supporting his Motion for Reconsideration. On October 3, 2000, the district court accepted an additional supplement to Talano's motion. The district court denied Talano's motion on December 27, 2000. Talano filed a Notice of Appeal on January 25, 2001, seeking review of both the district court's August 3 and December 27 orders.

II. Analysis

We lack jurisdiction to consider the district court's grant of summary judgment in favor of NMFF because Talano did not comply with the requirements for filing a timely appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Talano had thirty days from the district court's entry of judgment to file a notice of appeal. Talano asserts that his Motion for Reconsideration, filed on August 16 pursuant to Rule 59(e), tolled the thirty-day period. We do not agree. A proper Rule 59(e) motion filed within 10 days after the entry of a final judgment will toll the thirty-day period. See Fed. R. App. P. 4(a)(4)(A)(iv). However, Talano's motion was not a proper Rule 59(e) motion because it lacked sufficient specificity to satisfy the particularity requirement of Federal Rule

of Civil Procedure 7(b)(1). Thus, his motion did not toll the thirty-day period.

Rule 7(b)(1) provides that "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought." See Fed. R. Civ. P. 7(b)(1). "The standard for 'particularity' has been determined to mean 'reasonable specification.'" Martinez v. Trainor, 556 F.2d 818, 819-20 (7th Cir. 1977) (finding that defendant's Rule 59(e) motion "failed to state even one ground for granting the motion and thus failed to meet the minimal standard of 'reasonable specification'"). Talano's August 16 motion, filed on the tenth day following the entry of the final order, stated in pertinent part:

With great respect for this Court's consideration and conclusions, Plaintiff is compelled to seek reconsideration of this Court's decision to dismiss this action without granting Plaintiff trial before a jury. Plaintiff seeks reconsideration of this Court's decision to dismiss his ADEA claims for several reasons which will be more fully addressed by a Memorandum in Support which Plaintiff seeks leave to file. With regard to regard to [sic] the breach of contract claim, this Court has misapplied fundamental principles of contract law, failed to apply other well-recognized principles, and is in conflict with precedent of the Seventh Circuit construing Illinois state contract law.

(emphasis added). Talano's statement that there are "several reasons" to reconsider is devoid of specificity. Similar to the motion in Martinez, which failed to state any grounds for reconsideration, blanket statements, such as "several reasons," provide no greater specificity than saying nothing at all. Additionally, Talano failed to supply any citations in support of his broad assertions that the district court "misapplied fundamental principles, failed to apply other well-recognized principles, and is in conflict with precedent of the Seventh Circuit construing Illinois state contract law." Without more, these assertions do not satisfy Rule 7(b)(1). Therefore, because Talano's motion did not toll the thirty-

day period for filing a timely appeal, Talano's January 25, 2001 appeal of the district court's August 3, 2000 order was untimely.

Likewise, Talano's memorandum in support of his Motion for Reconsideration submitted on September 7 did not toll the thirty-day period for filing a timely appeal. This memorandum was filed well outside the ten-day period provided for filing a proper Rule 59(e) motion. As this Court explained in Martinez, "if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated." 556 F.2d at 820; see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wis., 957 F.2d 515, 516-17 (7th Cir. 1992) ("An empty motion cannot reserve time to file an explanation after the ten days allowed by Rule 59.").

Furthermore, the fact that the district court accepted Talano's memorandum on September 7 does not save Talano's inadequate Rule 59(e) motion. "[A] district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e)." Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994) (emphasis added) (citing Fed. R. Civ. P. 6(b), 59(e)); see also Riley v. Northwestern Bell Tel. Co., 1 F.3d 725, 726-27 (8th Cir. 1993) (finding that a timely, but not particularized, Rule 59(e) motion cannot be saved by a subsequent, untimely memorandum that attempts to supply the missing particularity).

The district court's acceptance of Talano's supporting memorandum also does not implicate the doctrine of unique circumstances. This doctrine "relieves a party from the consequences of filing a late notice of appeal where the district court has affirmatively assured the party that his motion has tolled the time for filing a notice of appeal." Hope, 43 F.3d at 1143 (citation omitted). Unless the district court granted Talano specific assurances that his motion tolled the appeal clock, "no unique circumstances existed and the appeal clock remained running." Id. at 1144. In Hope, "[t]he district court did nothing more than enter minute orders granting Hope's motions for extending the time in which to file his Motion For Reconsideration,"

and therefore, the doctrine of unique circumstances did not apply. Id. at 1143. In this case, Talano's thirty-day period for filing a timely appeal expired before the district court even accepted Talano's memorandum supporting his Motion for Reconsideration. Nothing in the record indicates that the district court gave Talano any assurances prior to the expiration of the thirty-day period for filing a timely appeal, much less a specific assurance, which would arguably allow Talano's inadequate Rule 59(e) motion to toll the thirty-day period.

Talano argues that if the presentment hearing had not been delayed by the district court, NMFF's objections would have been raised during the thirty-day period and, in turn, he would have received notice of the claimed defect and the possible need to file a timely and immediate appeal. As we have stated, however, "[i]t is not the district court's duty, nor [the opposing party's] duty, to sort through post-judgment motions and advise the moving party whether his appeal clock [is] ticking." Hope, 43 F.3d at 1143-44 (footnote omitted).

Although we do not have jurisdiction to review the district court's August 3 order, we may review the district court's December 27 denial of Talano's Motion for Reconsideration. When "a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion." See Hope, 43 F.3d at 1143 (citing United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992)). Because Talano's supporting memorandum was filed later than ten days after the district court's entry of summary judgment, the district court had jurisdiction to hear his motion on the basis that it was a Federal Rule of Civil Procedure 60(b) motion. See Hope, 43 F.3d at 1143. "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir. 1995). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule. See Fed. R. Civ. P. 60(b); see also Deutsch, 981 F.2d at 301 (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or

reversal found in 60(b)--they cannot be general pleas for relief"). Rule 60(b) provides that

the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. Pro. 60(b).

We review the district court's denial of Talano's Motion for Reconsideration for an abuse of discretion. See Hope, 43 F.3d at 1144. "[S]uch abuse exists 'only in situations in which no reasonable person could agree with the district court.'" Id. (citation omitted). Talano's motion is not based on any of the grounds specified in Rule 60(b). Instead, Talano's motion suggests that the district court made mistakes of law regarding Illinois contract law and mistakes of law regarding Talano's claim under the ADEA. Thus, because Talano's motion fails to conform to any of the grounds specified in 60(b), we find that the district court did not abuse its discretion in denying Talano's motion.

III.  Conclusion

For the foregoing reasons, we DISMISS Talano's appeal from the August 3, 2000 order and we AFFIRM the district court's December 27, 2000 denial of his Motion for Reconsideration.

FOOTNOTE

/1 Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. A properly termed Rule 59(e) motion is a "Motion to Alter or Amend Judgment."