James GASTON, Plaintiff–Appellant,

v.

Odie WASHINGTON, et al.,
Defendants–Appellees.

No. 01–1200.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.[*]

Decided July 29, 2002.

Before Hon. RICHARD D. CUDAHY, Hon. JOHN L. COFFEY, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

Illinois prisoner James Gaston sued officials and employees of the Pontiac Correctional Center under 42 U.S.C. § 1983, alleging that they denied him access to the courts. He claimed that the Supreme Court had rejected as untimely a petition for certiorari in his federal habeas corpus case because defendant paralegal Joni Stahlman failed to provide the legal materials he needed to meet the Court's deadlines.

The district court granted summary judgment to all the defendants except Stahlman because Gaston had not shown they personally interfered with his access to the courts. Then the court, relying on

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

our decision in *Brooks v. Buscher*, ruled that Stahlman was entitled to qualified immunity because it was unclear in 1996 whether interference with an appeal constituted denial of access to the courts. *See* 62 F.3d 176, 182 n. 4 (7th Cir.1995) ("[I]t is an open question whether once a prisoner has been able to make his voice heard in the court of first instance, the right of access extends still further to include library materials for the filing of appeals."). On September 21, 2000, the district court entered judgment disposing of Gaston's entire case.

Gaston did not file a direct appeal after the district court entered judgment; instead he waited two months, until November 30, 2000, to file a motion under Federal Rule of Civil Procedure 60(b). In his 60(b) motion, Gaston argued that Stahlman failed to cooperate with discovery requests and misrepresented facts. He also argued that the court had erred in its qualified immunity ruling. The district court denied the 60(b) motion, citing Gaston's failure to prove that he was entitled to relief for one of the reasons specified in Rule 60(b). Gaston appeals that denial.

We review the district court's decision to deny Gaston's 60(b) motion for an abuse of discretion. *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001). A Rule 60(b) motion does not toll the period for filing a timely appeal, but rather allows a court to relieve a party from judgment on the narrow grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, void judgments, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Gaston has not attempted to argue that he should be relieved from judgment on one of these grounds, despite an order from

this court limiting briefing to that issue. He instead rehashes his argument that the district court erred in granting Stahlman qualified immunity. But legal error is irrelevant; as we have repeatedly said, Rule 60(b) "is not intended to correct mere legal blunders." *Cash*, 209 F.3d at 697; *see also Marques v. FRB*, 286 F.3d 1014, 1018–19 (7th Cir.2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). Because Gaston has not shown that the district court abused its discretion in denying the 60(b) motion, we AFFIRM.