Tyrone Davis SMITH, Plaintiff–Appellant,

v.

Matthew J. FRANK, et al.,* Defendants–Appellees.

No. 02–3817.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 2003.**

Decided Nov. 20, 2003.

Rehearing and Rehearing En Banc Denied Jan. 9, 2004.

Tyrone D. Smith, pro se, Sturtevant, WI, for Plaintiff–Appellant.

James E. Doyle, Mary Batt, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

**ORDER**

Wisconsin inmate Tyrone Smith filed an action under 42 U.S.C. § 1983 against the Secretary of the Department of Corrections, the warden of the Fox Lake Correctional Institution, and the institution complaint examiner at Fox Lake. In an amended complaint, Smith alleged that prison officials tampered with his mail and then threatened retaliation when he sued

---

* Pursuant to Fed. R.App. P. 43(c), Matthew J. Frank, the current Secretary of the Wisconsin Department of Corrections, is substituted for Jon E. Litscher.

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

to redress that wrong. The district court found that Smith had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), and granted summary judgment for the defendants. Smith then filed a "motion to amend," which the district court denied. He now appeals the denial of that motion, and we affirm.

Smith sent a letter to the district court in September 2000 requesting that the court appoint counsel for him. But Smith had no case pending before the court at that time, so the clerk's office sent him a letter explaining that the necessary forms to file a complaint were enclosed. Smith received the letter in October 2000, but the forms were missing. Two days after receiving the letter, Smith submitted an inmate complaint accusing prison officials of tampering with his legal mail. His complaint was dismissed, and Smith then filed suit without ever submitting an administrative appeal. The court subsequently permitted him to amend his § 1983 complaint to add a count alleging that prison officials retaliated against him for filing this case by threatening to transfer him to a different facility. Smith had never submitted an administrative complaint regarding this issue.

The district court granted summary judgment for the defendants on the ground that Smith had failed to exhaust his administrative remedies. After summary judgment was entered, Smith then attempted to exhaust his administrative remedies by submitting to the prison both a second inmate complaint regarding the threatened retaliation and an appeal of the dismissal of his earlier mail-tampering complaint. But Smith's appeal of his first complaint came 20 months after its submission and his retaliation complaint was not tendered until 18 months after the alleged threats, so both submissions were rejected as untimely. *See Pozo v.*

*McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002) ("Prisons are unlikely to entertain many appeals filed a year late, or by prisoners who otherwise thumb their noses at the specified procedures."). Moreover, Smith was required to exhaust his administrative remedies before filing his § 1983 suit; the fact that he attempted to do so in the midst of litigation could not save his complaint from dismissal. *See Perez v. Wisconsin Dep't of Corr.,* 182 F.3d 532, 535 (7th Cir.1999).

After his attempted exhaustion, Smith then filed a "motion to amend" in the district court in which he relied upon Fed. R.Civ.P. 59(e). He filed that motion, however, more than 10 days after the entry of summary judgment, making it instead a motion under Fed.R.Civ.P. 60(b). *See Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir.2001). The district court denied Smith's motion, and he now appeals arguing both that the court improperly denied his motion and that the underlying grant of summary judgment was inappropriate. A motion under Rule 60(b) filed more than 10 days after the entry of judgment, however, does not bring up the underlying judgment for review. *See Kunik v. Racine County,* 106 F.3d 168, 173 (7th Cir.1997). Thus we can review only the denial of Smith's "motion to amend." Relief will be granted under Rule 60(b) only in exceptional circumstances, and we review the district court's denial of the motion only for an abuse of discretion. *Talano,* 273 F.3d at 762.

Exhaustion of administrative remedies is a precondition to a prisoner filing a suit under § 1983. *See Dixon v. Page,* 291 F.3d 485, 488 (7th Cir.2002). In order to properly exhaust these remedies, a prisoner must submit inmate complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo,* 286 F.3d at 1025. Wisconsin's In-

mate Complaint Review System requires that an inmate lodge an administrative complaint with the institution complaint examiner within 14 days of the underlying event. Wis. Admin. Code § 310.09(6). An inmate must appeal any adverse ruling to the corrections complaint examiner within 10 days. *Id.* § 310.13(1). The record establishes that Smith neither appealed the dismissal of his mail-tampering complaint nor submitted his retaliation complaint within the required time periods.

In the alternative Smith argues that he should have been excused from exhausting his remedies because the inmate complaint process is inadequate and cannot provide him with the monetary damages he seeks. But we have held that "there is no 'futility exception' to the PLRA exhaustion requirement." *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir.2000) (internal citations omitted). Administrative exhaustion is required regardless of what form of relief a plaintiff seeks. *Perez*, 182 F.3d at 538. Because Smith failed to exhaust his administrative remedies, we cannot say that the district court abused its discretion when it denied his Rule 60(b) motion.

Lastly we note that, although a dismissal for failure to exhaust administrative remedies is without prejudice, Smith may not reinstate his § 1983 suit because it is too late for him to exhaust those remedies. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002).

AFFIRMED.