Majoria BRAGG, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, United States Postal Service, Defendant–Appellee.

Nos. 03–1729, 03–1730.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 9, 2004.

Rehearing and Rehearing En Banc Denied April 9, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Marjoria Bragg, pro se, Rock Island, IL, for Plaintiff–Appellant.

Linda L. Mullen, Office of the United States Attorney, Rock Island, IL, for Defendant–Appellee.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Former mail carrier Majoria Bragg sued the United States Postal Service alleging that she was subjected to a hostile work environment and ultimately fired because she is African American and disabled, and because she had engaged in protected activity. After correctly discerning that Bragg's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e–17, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the district court granted summary judgment for the postal service. As relevant here the court reasoned that Bragg (1) had failed to exhaust her administrative remedies relating to her claim of a hostile work environment, (2) lacked evidence of similarly situated employees outside her class who were treated more favorably as

was necessary to establish a prima facie case of race discrimination or retaliation, and (3) had failed to exhaust all but a sliver of her Rehabilitation Act claim but in any event could not prove an impairment within the Act's definition. The court later denied Bragg's motion under Fed.R.Civ.P. 60(b) to vacate the judgment. Bragg appeals both the grant of summary judgment and the order refusing to set it aside, and in these consolidated appeals we affirm both decisions.

The material facts are not in dispute. The path to Bragg's discharge in late 1999 after 20 years on the job apparently started with a reprimand in October 1995 concerning her route. Bragg responded in December 1995 with an EEOC charge complaining that the reprimand was prompted by discrimination on account of her race, gender, and affliction with carpal tunnel syndrome and bipolar disorder, as well as by a desire to retaliate for her prior service on an agency EEO committee and for her testimony several years earlier on behalf of two co-workers who brought discrimination charges. Bragg quickly withdrew her allegations of race and gender discrimination, and two months after filing her EEOC charge she took twelve weeks of medical leave due to "environmental conflicts" at work. When she returned she refused an offer to be reassigned to a clerk's position and insisted on remaining a letter carrier. In 1997 the EEOC notified Bragg that it was closing her case because she had suffered no adverse job action.

In 1998 Bragg's psychiatrist wrote a three-sentence letter asking the postal service to accommodate Bragg "in a less conflictual and confrontive environment" so as to minimize stressors that "tend to decompensate her." The agency responded by asking Bragg for a written release authorizing the psychiatrist to share with Bragg's union representative additional information about her medical condition along with suggestions for actions that might alleviate it. Bragg refused and a few months later filed a second EEOC charge. Once again she claimed retaliation for her testimony given several years earlier on behalf of her co-workers: according to Bragg the postal service in June 1998 forced her to give up a day off (consistent with the terms of her union contract) to cover for a sick letter carrier and then kept her longer than a less senior carrier who finished her route before Bragg, and then in September 1998 failed to notify her until the last minute that a leave request had been granted. The EEOC concluded that no link existed between Bragg's testimony and the 1998 events.

In May 1999 Bragg's supervisors and union representative met with her to discuss her job responsibilities and to address the postal services's expectations concerning work hours, breaks, and compliance with instructions. By the end of October, however, the postal service had reached its limit and fired Bragg after yet another warning meeting failed to dissuade Bragg from foisting off part of her delivery route to co-workers without approval, sometimes by falsifying the form needed to obtain co-worker assistance. A third EEOC charge followed in December 1999. This time she attributed her termination, as well as two incidents that followed the May meeting, to race discrimination and retaliation for unspecified protected activity. The first incident had occurred in June when Bragg attended a mandatory training session at the post office instead of delivering mail, she was told that she must take ten minutes of unpaid leave if she insisted on going home for her ten-minute morning break as she did when working her route (her house is five minutes from the post office, so the round trip would add ten minutes); Bragg became upset, put in for

sick leave, and left for the day but was never disciplined. The second incident occurred in July when Bragg was suspended for fourteen days due to the same behavior that would soon get her fired. On one occasion she received approval for another carrier to help finish her route but then passed off to the co-worker more work than authorized, and another time she was denied approval for help but simply falsified the form and enlisted a co-worker to cover part of her route. The EEOC found that Bragg was not the victim of either discrimination or retaliation.

With respect to Bragg's appeal from the order granting summary judgment, we have difficulty discerning any developed argument challenging the district court's analysis. The focus of Bragg's appellate brief appears to be the denial of relief under Rule 60(b), not the grant of summary judgment.

■ Arguably Bragg disagrees with the district court's conclusion that her claims of discrimination and retaliation under Title VII failed because she lacked evidence that any similarly situated postal employee outside her class had been treated more favorably. If this is her argument, it goes nowhere. To establish a prima facie case of either discrimination or retaliation under the indirect method, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must produce, among other things, evidence that her employer treated her more harshly than co-workers outside her group who were alike in all material respects, *see Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531–32 (7th Cir.2003); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir.2002); *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885–86 (7th Cir.2001). Bragg, however, identified only one employee whom she described as similarly situated: another letter carrier who likewise was fired, although, according to Bragg, only after a greater number of infractions. But as the district court observed, Bragg submitted no evidence from which a fact finder could conclude that she and her fired co-worker "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 618 (7th Cir.2000). Moreover, the postal service submitted evidence that Bragg's supervisor also disciplined three other employees under her supervision, all of whom are outside of Bragg's protected class.

■ In her brief Bragg might also dispute the district court's conclusions that she failed to exhaust all but one minor incident of discipline underlying her Rehabilitation Act claim, and that regardless she lacked evidence of a qualifying disability. We doubt that Bragg even can rely on the single event she exhausted, the October 1995 reprimand, *see Dvorak v. Mostardi Platt Assoc.*, 289 F.3d 479, 483 (7th Cir.2002) (holding that plaintiff claiming discrimination based on a disability must establish an adverse employment action), but it does not matter because the district court was correct that she failed to establish disability. A claimant bears the burden of establishing disability, *Winfrey v. City of Chicago*, 259 F.3d 610, 614 (7th Cir.2001), which means that the claimant "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B); *see Duncan v. Wis. Dep't of Health & Family Servs.*, 166 F.3d 930, 935 (7th Cir.1999). Bragg says her bipolar disorder meets this definition,

and though it may be an impairment, *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1284 (7th Cir.1996), Bragg produced no evidence establishing that the condition substantially limited any major life activity, in particular working, *see Knapp v. Northwestern Univ.*, 101 F.3d 473, 479 (7th Cir.1996) (noting that "major life activities" are those basic functions "such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working" (citation omitted)). Indeed, Bragg has always taken the position that her bipolar disorder did not affect her job performance at all; she even testified that she could perform her work like any other mail carrier and could deliver mail better than anyone assigned to assist her. As the district court surmised, what Bragg apparently wanted was to be free of a supervisor she disliked, but we have explained that "[t]he major life activity of working is not 'substantially limited' if a plaintiff merely cannot work under a certain supervisor because of anxiety and stress related to" the supervisor's evaluation of her job performance. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 (7th Cir.1996); *see also Palmer v. Circuit Court of Cook County*, 117 F.3d 351, 352 (7th Cir.1997).

 We turn then to Bragg's related appeal, in which she argues that the district court should have reopened the judgment because she had been unable to assemble and explain all of her more than 500 pages of exhibits in time to respond to the postal service's motion. But Bragg first mentioned having other unspecified exhibits, not in her Rule 60(b) motion, but in a "clarification" sent to the district court after her motion had been denied. That aside, relief under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances, *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995), and we review its denial only for an abuse of discretion, *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001). In this instance Bragg should have alerted the district court–before summary judgment was entered–if she needed more time to assemble materials for her response, *see* Fed.R.Civ.P. 6(b), and because she did not the court's refusal to reopen its judgment by way of Rule 60(b) could not have been an abuse of discretion.

The judgments in both appeals are AFFIRMED.