**Edward D. ASHFORD, Plaintiff–Appellant,**

v.

**David L. WINN, et al. Defendants–Appellees.**

No. 03–3602.

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.*

Decided May 26, 2004.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Federal inmate Edward Ashford sued the former warden at the Federal Correctional Institution in Pekin, Illinois and two prison officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claiming that they violated his rights under the First and Fifth Amendments as well as certain federal regulations. Ashford alleges that when he was transferred to FCI–Pekin in August 2000, the warden at the time, David Winn, and two prison employees, Suzanne Wheeler and Bernard Huggins, kept him in administrative segregation although he was eligible for release into the general population. He remained in segregation the entire time he was at FCI–Pekin—August to October—until he was transferred to another institution. Ashford claims that the defendants told him that they kept him in segregation and ultimately secured his transfer because they did not want to be inconvenienced by a "writ writer."

The district court screened and dismissed Ashford's complaint under 28 U.S.C. § 1915A (and assessed a strike under 28 U.S.C. § 1915(g)), reasoning that it was barred by collateral estoppel on account of a suit Ashford had filed against the same defendants a year earlier. The previous suit had alleged the same facts and similar, but not identical, legal theories, and the district court had dismissed it without prejudice for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

Ashford did not appeal the most recent dismissal; instead, approximately one month later, he filed in the district court a "motion for reconsideration and reinstatement of his complaint." In it he argued that because his previous suit had been dismissed without prejudice, the district

court erred by concluding that the current suit was barred by collateral estoppel. The district court denied Ashford's motion in a short docket entry, and he now appeals, arguing both that the district court improperly denied the motion for reconsideration and that the underlying dismissal was inappropriate.

Because Ashford served his motion more than ten days after the district court's entry of judgment, it is treated as a motion under Federal Rule of Civil Procedure 60(b). *See, e.g., Talano, M.D. v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir.2001). A motion under Rule 60(b) filed more than ten days after the entry of judgment, however, does not bring up the underlying judgment for review, thus we may review only the denial of Ashford's motion. *See Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Tango Music, LLC v. DeadQuick Music, Inc.,* 348 F.3d 244, 247–48 (7th Cir.2003). Rule 60(b) authorizes relief from judgment only in certain exceptional circumstances, and we review the district court's denial only for an abuse of discretion. *Williamson v. Ind. Univ.,* 345 F.3d 459, 464 (7th Cir. 2003). In his motion, Ashford argued that the district court erred by concluding that collateral estoppel barred his suit, a contention he repeats on appeal. But a claim of legal error is a ground for relief we have repeatedly recognized as unavailable under Rule 60(b), since a direct appeal is the appropriate route to rectify such an error. *E.g., Cash v. Ill. Div. of Mental Health,* 209 F.3d 695, 697–98 (7th Cir.2000). Because Ashford's motion sought relief Rule 60(b) does not authorize, the district court did not abuse its discretion by denying it.

AFFIRMED.