Jimmie JONES, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 04–1224.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 25, 2004.

Rehearing and Rehearing En Banc Denied Aug. 20, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jimmie Jones, Oxford, WI, pro se.

Esteban F. Sanchez, Office of the United States Attorney, Springfield, IL, for Respondent–Appellee.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

In 1993 Jimmie Jones was convicted of a range of offenses, including several drug charges. *See United States v. Jones*, 21 F.3d 165 (7th Cir.1994). The government commenced a forfeiture action *in rem* in May 1992, seeking forfeiture of Jones's business, J.J. Construction, as well as real estate, bank accounts, jewelry, televisions, and vehicles. The government alleged that the items either facilitated or were proceeds from Jones's illegal drug activities. The government ultimately moved for summary judgment, but Jones did not respond. The court granted the government's motion and ordered Jones's property forfeited.

Instead of appealing that decision, Jones, almost nine years later, filed a Motion to Reconsider the forfeiture decision under Rule 60(b) of the Federal Rules of Civil Procedure. He argued that the district court should grant him relief from the forfeiture decision because his attorney failed to respond to the government's mo-

tion for summary judgment. The district court refused, holding that an attorney's neglect does not justify relief from a nine-year-old judgment.

On appeal Jones points out that a court may relieve a party from a final judgment for any reason "justifying relief from the operation of the judgment," Fed.R.Civ.P. 60(b)(6), and he contends that the reason in this case is that he should not be "punished" for his lawyer's neglect. He also asserts that the district court erroneously failed to recognize its authority to grant his motion.

We review the district court's decision for an abuse of discretion, *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001), and find none here. The district court is correct that an attorney's neglect is not a basis for relief from a civil judgment, *see United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 635 (7th Cir.1994), and we see no indication that the court was mistaken about its discretion. Jones was free to file a malpractice action against his attorney, but he may not upset the finality of the forfeiture decision. *Id.* at 633.

Jones raises a new argument on appeal that the forfeiture violated the double jeopardy clause because he received convictions and sentences for the same drug offenses used to justify the forfeiture. But arguments raised for the first time on appeal are waived. *Palmer v. Marion County*, 327 F.3d 588, 597–98 (7th Cir. 2003).

We AFFIRM the judgment of the district court and DENY Jones's motion for the appointment of counsel.