**Vernell BURRIS, Plaintiff–Appellant,**

v.

**Dave SHAW, Code Enforcement Officer, City of Centralia, and BOB Arnony, Chief, Police Department, City of Centralia, Illinois, Defendants–Appellees.**

No. 03–3378.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 30, 2004.*

Decided Dec. 7, 2004.

Vernell Burris, Centralia, IL, pro se.

Charles A. Pierce, Hinshaw & Culbertson, Belleville, IL, for Defendants–Appellees.

Before RIPPLE, KANNE, and WILLIAMS, Circuit Judges.

ORDER

The City of Centralia (Illinois) removed an inoperable vehicle from Vernell Burris' property and Burris sued city officials in state court, alleging generally that the seizure of the car (and damage to the car and his land) violated the U.S. and Illinois Constitutions. The defendants removed the case to federal court. On June 16, 2003, the district court granted the defendants' motion to dismiss, reasoning that under a "most liberal reading," Burris' complaint failed to state a claim.

Twenty-eight days later, on July 14, 2003, Burris filed a motion "to solicit consideration of court to reverse ruling and vacate judgment," which the district court construed as a Rule 59(e) motion to alter or amend the judgment. On August 8, 2003, the district court denied that motion as untimely because it had been filed more than 10 days after the entry of judgment.

Burris filed his notice of appeal on September 5, 2003, well beyond the thirty days in which he could appeal the underlying dismissal. Fed. R.App. P. 4(a)(1)(A). Because of the untimely nature of Burris' appeal, we directed him to inform us why his appeal should not be limited to a review of the district court's August 8, 2003

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**432**

order denying his motion to vacate judgment, but Burris did not respond. Consequently we directed that this appeal be limited to a review of the August 8, 2003 order.

On appeal Burris does not point to any error in the district court's denial of his post-judgment motion, but rather renews arguments from that motion contesting the propriety of removal and the dismissal of his complaint. At the outset, we note that the district court erred in construing Burris' post-judgment motion as a motion brought under Rule 59(e), rather than Rule 60(b). "When a motion to alter or amend a judgment under Rule 59(e) is filed more than 10 days after entry of judgment [, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir.2001). Burris' post-judgment motion was timely as a Rule 60(b) motion because it was filed well within one year of the judgment. *See, e.g., Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 951 (7th Cir.2004). We review the denial of Burris' post-judgment motion for an abuse of discretion. *Talano*, 273 F.3d at 762.

However, relief under Rule 60(b) is an extraordinary remedy granted only in six exceptional circumstances, of which only one is plausibly applicable here—Rule 60(b)(4), regarding void judgments. *Talano*, 273 F.3d at 762. Construed liberally, Burris' motion could be read to contest the judgment as void because the district court exercised jurisdiction over a case that had been improperly removed from state court. *See Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 812 (7th Cir.1977) ("A void judgment has been narrowly defined, therefore, to exist only where a court usurps power by rendering a judgment over matters beyond the scope of authority granted to it by its creators.").

Here, however, removal was proper because Burris' action involved a claim under the U.S. Constitution, and the defendants timely moved to remove the case. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1446(b); *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1230 (8th Cir.1997) (A Rule 60(b)(4) motion can succeed "only if the absence of jurisdiction was so glaring as to constitute a 'total want of jurisdiction' or a 'plain usurpation of power' so as to render the judgment void from its inception." (quoting *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.1980)(en banc))). Burris' motion was properly denied, though for reasons other than those stated by the district court.

AFFIRMED.