**Vernetta M. MARRERO,**[1]
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 04–2860.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2005.[*]

Decided Feb. 1, 2005.

Vernetta M. Marrero, Indianapolis, IN, pro se.

Sue Hendricks Bailey, Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Vernetta Marrero has unsuccessfully sought veteran's benefits for herself and her daughter since 1992, when she first learned of the 1987 death of her ex-husband, a veteran. After the Department of Veterans Affairs denied Marrero's claim and she unsuccessfully appealed, she filed a complaint against the Department under

---

1. We have substituted the name "Vernetta M. Marrero" for that of her daughter, Marquisa Marrero–Duncan, who was erroneously listed as the plaintiff in the caption of the district court's order.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), essentially alleging that the Department had tampered with and concealed evidence during the administrative proceedings that resulted in the denial of her claim. The district court granted the government's motion to dismiss for lack of subject matter jurisdiction, finding that Marrero had not brought a timely administrative claim before filing suit, and that in any event her suit was not cognizable under the FTCA because allowing it would circumvent the statutory scheme governing the review of claims for veteran's benefits. Marrero appealed, and we later dismissed the appeal for failure to pay the docketing fee.

While that appeal was pending, Marrero asked the district court to "reopen" her case "due to the latest discovery of new evidence and records." The court interpreted Marrero's request as a motion for relief from judgment under Rule 60(b) and denied it, finding that Marrero's description of her complaint and of her correspondence with various agencies and legislators was not newly discovered evidence, and in any case did not bear on the court's jurisdiction to hear Marrero's claim. Marrero again appeals.

We review the district court's denial of Marrero's Rule 60(b) motion for abuse of discretion. *Easley v. Kirmsee,* 382 F.3d 693, 697 (7th Cir.2004). Under Rule 60(b)(2), a court may relieve a party from a judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R.Civ.P. 60(b)(2). A Rule 60 motion will be granted on the basis of newly discovered evidence only if the evidence is material and not merely cumulative or impeaching. *See Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir.1999). As we have often stated, relief under Rule 60 is an "extraor-dinary remedy that is only to be granted under exceptional circumstances." *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir.2001).

Marrero's motion reiterates allegations of misconduct by the Department and tracks her prolonged efforts to obtain benefits, but points to no material evidence discovered since the court dismissed her case. In fact, Marrero appears to concede this point in her brief, as her arguments focus on the dismissal of her complaint and not the denial of the Rule 60(b) motion. To the extent that Marrero continues to challenge the merits of the court's dismissal, we lack jurisdiction to review the merits of the underlying judgment in considering the denial of a Rule 60(b) motion. *Cincinnati Ins. Co. v. Flanders Elec. Motor. Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997).

AFFIRMED.