**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 11, 2005[*]
Decided May 23, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3566

| | |
|---|---|
| RAYMOND C. RUSSELL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 C 3788 |
| CITY OF CHICAGO, *Defendant-Appellee.* | John W. Darrah, *Judge*. |

**O R D E R**

In April and May 2001, the City of Chicago ticketed and placed a "Denver Boot" on Raymond Russell's car. Russell filed suit under 42 U.S.C. § 1983 in June 2003, alleging a practice of ticketing and booting vehicles based on the race of the owner, in violation of the Fourteenth Amendment. He also asserted state law claims. On April 21, 2004, the district court granted the City's motion to dismiss because the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

two-year statute of limitations for civil rights actions had expired by the time Russell filed suit.

On April 30 Russell filed a motion to reconsider under Rule 59, which the district court denied on July 7 because Russell did not present any new evidence, legal authority, or arguments beyond that which he introduced in the earlier proceedings. The district court denied a subsequent motion filed by Russell entitled "Motion to Reconsider Factual Dispute," which although not styled as a Rule 60(b) motion became one as a matter of law. *See Talano v. Northwestern Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001).

Although the district court denied Russell's Rule 59 motion on July 7, Russell did not file his appeal until September 30, well beyond the allowable thirty days from the date of that judgment. *See* FED. R. APP. P. 4(a)(4)(A). We therefore limited this appeal to a review of the denial of his second motion to reconsider.

In only general, cursory terms, Russell challenges the district court's denial of his second motion to reconsider. He contends, for instance, that the district court abused its discretion by "ignoring errors in the law" that were documented in his motion. But "legal error is not a proper ground for relief under Rule 60(b)." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Nor are disputed factual issues grounds for relief under Rule 60(b). If Russell wanted to challenge the dismissal of his complaint on these grounds, he should have filed a timely notice of appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Accordingly, the district court's denial of Russell's second motion to reconsider is AFFIRMED.