UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 10, 2005[*]
Decided November 14, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1203

| | |
|---|---|
| DARWIN SCHMIDT, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 03-C-482-S |
| MICHELLE EGGERS, *Defendant-Appellee*. | John C. Shabaz, *Judge.* |

## O R D E R

After a Wisconsin court revoked his parole, Darwin Schmidt sued his parole officer under 42 U.S.C. § 1983, essentially claiming that she engineered the revocation to satisfy a personal vendetta.  Schmidt lost at summary judgment, and after two timely but unsuccessful motions for reconsideration, he appealed to this court in January 2004.  We dismissed that appeal after Schmidt failed to pay the required fees.  In January 2005, nearly a year after our dismissal, Schmidt returned to the district court and filed a third "Motion for Reconsideration."  In that motion—which because of its timing was actually a motion to vacate the judgment under

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Fed. R. Civ. P. 60(b), *see Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)—Schmidt did nothing more than challenge the grant of summary judgment. The district court denied the motion, and Schmidt now appeals.

The time to appeal the adverse ruling on summary judgment long ago expired, *see* Fed. R. App. P. 4(a)(1)(A), so the only question before us is whether the district court abused its discretion in denying Schmidt's most recent "Motion for Reconsideration." In that motion Schmidt attacks only the merits of the order granting summary judgment in favor of his parole officer, but that legal question should have been raised in the dismissed appeal and is not a proper ground for relief under Rule 60(b). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). What Schmidt actually seeks is another chance at appeal, and we have said before that a motion under Rule 60(b) is not a substitute for a timely appeal. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996).

AFFIRMED.