NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 29, 2007
Decided April 2, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3903

| | |
|---|---|
| RAMON HAYES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division |
| *v.* | |
| | No. 04 C 0540 |
| CINGULAR WIRELESS LLC, et al., | |
| *Defendants-Appellees.* | Charles R. Norgle, Sr., |
| | *Judge.* |

## O R D E R

In this case, which has been marked by procedural missteps and confusion, Ramon Hayes appeals from the denial of two post-judgment motions.  We affirm.

Hayes, through his company, Portablecomm, Inc., sold wireless services for Cingular Wireless LLC from 1997 to 2002.  In 2004 Hayes and three co-plaintiffs (not parties to this appeal) sued Cingular and its parent companies, SBC Communications Inc., and BellSouth Corp., alleging that Cingular committed common law fraud, violated contractual provisions, and discriminated against them because they are African-American.  Each of the three defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim.  In March 2004 the district court dismissed the action, but granted plaintiffs leave to file an appropriate

motion to vacate the dismissal, setting forth any existing good cause why the dismissal orders should be vacated under Federal Rules of Civil Procedure 59(e) or 60(b).  Plaintiffs did not file any such motion or provide any sound basis with which to vacate the dismissal orders.  Instead, they filed a series of motions and papers directed at the already-granted motions to dismiss.  In response to these filings, the district court set a final deadline of January 14, 2005 for plaintiffs to file any proper motion under Rule 60(b) for relief from the March 2004 judgment.  The district court also granted plaintiffs' counsel leave to withdraw and Hayes leave to proceed *pro se*.

Hayes did not file any motions by the court's January 2005 deadline.  In February, however, a notice of appeal was filed by Hayes's former counsel on behalf of Hayes and his co-plaintiffs.  Three days later, Hayes filed a pro se motion purportedly under Rule 59(e) motion seeking to alter or amend the court's judgment.  The district court struck that motion in July 2005 for filing it after already having filed a notice of appeal.  In March we allowed Hayes to voluntarily dismiss the appeal.  Finally, in August 2005, Hayes filed a motion seeking reconsideration of the court's July 2005 order.  But he did not notice the motion for presentment, *see* N.D. Ill. L. R. 5.3(b), serve defendants' counsel, or file a certificate of service, and so in August 2005, the district court struck that motion as well.  Hayes then filed a notice of appeal.  In August 2006, we issued a briefing schedule, and noted that this appeal was timely only as to the July 2005 order striking the motion to amend judgment and the August 2005 order striking the motion to reconsider.

Hayes's appellate brief, however, focuses only on the district court's dismissal of his underlying complaint.  We lack jurisdiction to consider his arguments because Hayes did not timely appeal the district court's orders dismissing his complaint. *See* Fed. R. App. P. 4(a)(1)(A); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001).  Furthermore, by failing to address the only two orders to which this appeal is limited, Hayes has waived any challenge to those orders. *See Luellen v. City of East Chicago*, 350 F.3d 604, 612 n.4 (7th Cir. 2003).

AFFIRMED.