**SCHOLZ DESIGN, INC., Plaintiff,**

v.

**Scott JAFFE and Francesca Jaffe, Defendants.**

**No. 06 C 0075.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 24, 2007.

Joseph M. Habbouche, Eastman & Smith, Ltd., Toledo, OH, Wayne Burt Addis, Addis, Greenberg & Schultz, Northbrook, IL, for Plaintiff.

## ORDER

GRADY, District Judge.

On March 21, 2007, we filed a memorandum opinion and a judgment against the plaintiff and in favor of the defendants. The judgment order was entered the next day, March 22, 2007. On April 9, 2007, the plaintiff filed a memorandum entitled "Plaintiff Scholz Design, Inc.'s Memorandum in Support of its Motion to Reconsider." The first paragraph of the memorandum, entitled "Introduction," states that the plaintiff "respectfully moves this Court to reconsider its Memorandum Opinion entered March 21, 2007" and, at page 4 of the memorandum, plaintiff "respectfully requests that the Court reconsider its decision and enter judgment in favor of Scholz."

Although it appears that plaintiff has not filed a separate "motion to reconsider," we think the prayer for relief contained in its memorandum of April 9, 2007 is sufficient to constitute a motion that we vacate the judgment in favor of defendants and enter judgment in favor of the plaintiff. The motion is untimely under Rule 59(e) of the Federal Rules of Civil Procedure, which requires that a motion to alter or amend a judgment be filed no later than 10 days after entry of the judgment. Because plaintiff's motion was filed more than 10 days after entry of judgment (excluding weekend days, see Federal Rule of Civil Procedure 6(a)), it automatically becomes a Rule 60(b) motion. *See Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir.2001).

Rule 60(b) permits the court to relieve a party from an order on certain specific grounds, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud, as well as for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.

2000). Because plaintiff does not rely on any of the specifically-enumerated grounds for relief, the only conceivably applicable ground is the catch-all. That provision cannot be used to rehash arguments that were rejected earlier or to make arguments that could have been made earlier, see *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir.2005) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996)).

Plaintiff's motion to reconsider is a rehash of arguments we rejected in our Memorandum Opinion of March 21, 2007. At the conclusion of the trial, we remarked that we would take the case under advisement and would ask for further submissions by the parties on the question of the defendants' individual responsibility for any copyright infringement that took place.[1] We then entered an order on January 16, 2007 making explicit what we wanted the parties to address in their post-trial memoranda. We noted that defendants' failure to respond to plaintiff's requests to admit resulted in findings that the defendants had "access" to plaintiff's design and that there was "substantial similarity" between plaintiff's design and the design of the defendants' home. We noted that on the basis of these findings:

> [T]he court may—*but need not*—infer that the defendants copied plaintiff's copyrighted design. This is the issue that remains to be determined as far as liability is concerned.

(Order of January 16, 2007 at 1 (emphasis added)). In the remainder of the order we made clear that we wanted the parties to address the question of whether the defendants could be liable for infringement notwithstanding the fact that

> the evidence taken today does not show that defendants knew their architect was using a copyrighted design without permission of the copyright owner.... What must be shown as far as the defendants themselves are concerned? ... [A]re the defendants liable for any infringement

committed by their architect, even if they did not know of the infringement?

(*Id.* at 2.)

■ In its motion to reconsider, plaintiff argues that our Memorandum Opinion of March 21, 2007 overlooks the matters deemed admitted by defendants' failure to respond to plaintiff's Requests for Admissions Nos. 4 and 5 (requesting admissions that the exterior and interior designs of defendants' home are derivative works of plaintiff's design) "and instead states that the Jaffes did not prepare a derivative work when they designed their home." The argument misses the point. That the exterior and interior designs of defendants' home are derived from plaintiff's design does not establish that the *defendants,* as distinguished from their architect, copied plaintiff's design or that the defendants knew that their architect was copying the design.

In support of its motion to reconsider, plaintiff cites the case of *Cornerstone Home Builders, Inc. v. McAllister,* 303 F.Supp.2d 1317, 1321 (M.D.Fla.2004) as a case which held that "the homeowner was liable for copyright infringement despite the fact that his architect drew the infringing plans." (Pl.'s Mem. at 4.) This is a serious oversimplification of the holding in that case. The defendant, McAllister, was a college professor who desired to build a home in Apollo Beach, Florida. He explored the neighborhood he was interested in and found a vacant lot to his liking. The plaintiff, Cornerstone Builders, had built a number of homes in that neighborhood according to its copyrighted designs. Copies of the designs were available at plaintiff's construction sites and at its model center for the taking. McAllister prepared a sketch of the design he wanted and gave it to his builder with instructions to make certain changes. The builder then gave the sketch to defendant's architect, who made the suggested changes and additional changes as well. Shortly thereafter, plaintiff's president "spotted a new house in the neighborhood which markedly resembled its St. Croix design." 303 F.Supp.2d at 1318. Plaintiff sued McAllister for copyright in-

---

1. We do not have a transcript of those remarks, but our recollection is that we expressed concern about the lack of any evidence that defendants were aware that their architect had used plaintiff's copyrighted design without plaintiff's permission.

**452**

fringement. The court found that McAllister had himself copied plaintiff's design:

McAllister denies he copied Cornerstone's plans, knew about the St. Croix, or even noticed any of Cornerstone's models while exploring Apollo Beach for a vacant lot and canvassing the new homes for inspiration. Not only does he refute access to Cornerstone's design, he asserts he created his own work. So, any likeness between the two plans falls to random coincidence. But this chance-two houses uncannily similar inside and out within blocks of each other-defies reason and commonsense. And Cornerstone's proof underscores the improbability of McAllister's happenstance defense.

Although McAllister denies he knew about Cornerstone's work, with his access to its plans and the likeness of his design to the St. Croix's, I find his account incredible.

*Id.* at 1320. The *McAllister* case is a good example of the rare situation where a homeowner is guilty of both direct infringement by actual copying and of contributory infringement by supplying his architect with a design he knows has been derived from someone else's copyrighted design. Nothing of the kind occurred in the present case.

Plaintiff's motion to reconsider the court's Memorandum Opinion of March 21, 2007 (which is also regarded by the court as a motion to vacate the judgment entered on March 22, 2007) is denied.