NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2007[*]
Decided May 24, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1667

| | |
|---|---|
| KEVEN L. CARTER,<br> *Plaintiff-Appellant,*<br><br>  *v.*<br><br>RICHARD A. MEYERS, et al.,<br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division<br><br>No. 04 C 50312<br><br>Philip G. Reinhard,<br>*Judge.* |

**O R D E R**

Keven Carter alleged in a suit under 42 U.S.C. § 1983 that while he was a pretrial detainee in Winnebago County, Illinois, he was assaulted by guards and afterward denied medical care for his injuries. He sued the county sheriff, the jail superintendent, and the one guard he could identify. The district court granted summary judgment for the defendants, but Carter did not appeal that decision. Instead, weeks later he filed a "motion to reconsider," which the district court

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

denied.  Carter appeals the denial of his postjudgment motion, which we deem a motion under Federal Rule of Civil Procedure 60(b) because Carter filed it more than 10 business days after the entry of judgment.  *See Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000).

We review rulings on Rule 60(b) motions for abuse of discretion, *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006), and we perceive no abuse here.  In his motion Carter argued that the entry of summary judgment should be set aside because, he said, there were material issues of fact in dispute, discovery was unduly limited, and another lawyer was not immediately recruited to help him after the first lawyer enlisted by the court withdrew.  Carter, who by that time had been transferred to a state facility, also argued that his limited access to the prison law library had hampered his ability to obtain discovery and respond to the defendants' motion for summary judgment, and that the poor performance from his lawyers also had kept him from fully addressing the defendants' motion.  But none of these are valid grounds for seeking relief under Rule 60(b).  *See Talano,* 273 F.3d at 762. Relief under that provision is an extraordinary remedy, *id.*, and the rule cannot be used to resurrect arguments that could have been made on appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e).  *See Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002), *Bell*, 214 F.3d at 801-02.

Accordingly, the judgment of the district court is  AFFIRMED.