In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2018

PATRICIA BANKS,

*Plaintiff-Appellant,*

*v.*

CHICAGO BOARD OF EDUCATION
and FLORENCE GONZALES,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 7101 — **Harry D. Leinenweber**, *Judge.*

ARGUED FEBRUARY 12, 2014 — DECIDED APRIL 24, 2014

Before POSNER, FLAUM, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Patricia Banks sued her former employer, the Chicago Board of Education, and her former supervisor, Florence Gonzales, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and related violations of federal and state law. The district court granted summary judgment for the defendants on all of Banks's claims. Twenty-nine days after the district

court entered judgment, Banks filed what she called a motion to alter the entry of summary judgment under Federal Rule of Civil Procedure 59(e), which the district court denied six days later. Banks then filed a notice of appeal. She argues that the district court erred by granting summary judgment for the defendants and denying her post-judgment motion.

A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment. Because Banks missed that deadline by one day, her motion was not effective as a Rule 59(e) motion that could have tolled the time to file a notice of appeal from the judgment. Accordingly, we must treat her post-judgment motion as a Rule 60(b) motion that did not toll the time to appeal the summary judgment. Banks's notice of appeal was timely only as to the district court's denial of her post-judgment motion. The district court did not abuse its discretion by denying that motion, so we affirm.

## I. *Factual and Procedural Background*

Because we decide this case on a procedural ground, we only sketch the underlying dispute. Plaintiff Patricia Banks worked as a teacher at George Washington High School in Chicago beginning in 1988. She is African-American. Florence Gonzales became principal at George Washington in January 2008.

The factual record is long and many of the details are disputed, but it is clear that Gonzales and Banks soon came into conflict. At an April 2008 staff meeting, Banks asserted that Gonzales's administration had shown animosity toward African-American students and teachers. Banks claims that Gonzales targeted her because of her race and in retaliation for speaking out at the staff meeting and filing complaints

with the EEOC and the Board's Equal Opportunity Compliance Office. Gonzalez disciplined Banks repeatedly. She issued cautionary notices for insubordination, leaving her class unattended, refusing to complete required paperwork, and failing to submit lesson plans. Gonzales also suspended Banks on three occasions: for striking a staff member; for being chronically tardy and telling a staff member to "go to hell" in front of students; and for placing advertisements for her private massage therapy business in the school office. These disciplinary actions culminated in a Board resolution warning Banks that she would be dismissed if the problems continued. They did continue, and Banks was suspended and removed from her teaching duties in December 2010.

Some weeks into her suspension, Banks submitted a retirement letter effective June 30, 2011. She claims that she was then placed on the Board's "do not hire" list, which foreclosed her from working as a substitute teacher in the Chicago Public Schools.

Banks filed a six-count complaint against the defendants alleging: (1) race discrimination in violation of Title VII, 42 U.S.C. § 2000e-2; (2) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3; (3) impairment of her right to enforce a contract in violation of 42 U.S.C. § 1981; (4) deprivation of her rights established by the Constitution and laws of the United States, 42 U.S.C. § 1983; (5) retaliation for filing complaints with the EEOC and the Board's Equal Opportunity Compliance Office in violation of the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174; and (6) deprivation of her right to review her personnel file in violation of the Illinois Personnel Record Review Act, 820 Ill. Comp. Stat. 40. On March 12, 2013, the district court granted the defendants' motion for

summary judgment on all of Banks's claims and entered judgment for the defendants.

On April 10, which was 29 days after the district court entered judgment for the defendants, Banks filed a motion to alter the entry of judgment. Banks cited Federal Rule of Civil Procedure 59(e) as the basis for her motion. She argued that the district court erred in finding that she had not offered sufficient evidence of a hostile work environment, an adverse employment action, or similarly situated non-African-American staff members who were treated better than she was. Banks also asserted that the court erred in concluding that recovery under the Illinois Whistleblower Act was limited to instances of discharge. The district court denied Banks's motion on April 16.

Banks filed a notice of appeal on May 10, saying she was appealing both the entry of judgment for defendants and the denial of her post-judgment motion. We notified the parties that the appeal appeared to be untimely with respect to the original judgment. We asked Banks to submit a jurisdictional memorandum on this issue, but it did not persuade us that we had jurisdiction over Banks's appeal of the judgment itself. We limited the scope of Banks's appeal to the denial of her post-judgment motion.

II.  *The Scope of Appellate Jurisdiction*

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a party in a civil case must file a notice of appeal within 30 days after entry of the judgment or order appealed from. The filing of a timely motion under Federal Rule of Civil Procedure 59(e), however, will toll the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A). Under the current ver-

sion of Rule 59(e), a motion must be filed no later than 28 days after the entry of judgment to be timely. This time limit is unyielding. See *Justice v. Town of Cicero*, 682 F.3d 662 (7th Cir. 2012) (because litigants have only until 11:59 p.m. on the due date to file a Rule 59(e) motion electronically, a motion filed at 3:00 a.m. the following morning was untimely). Courts may not extend the time limit imposed by Rule 59(e). Fed. R. Civ. P. 6(b)(2); *Justice*, 682 F.3d at 664–65.

When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion. See *Justice*, 682 F.3d at 665, citing *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001), and *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). A district court's acceptance of an untimely Rule 59(e) motion does not save the motion from this fate. See *Talano*, 273 F.3d at 761.

Banks filed her post-judgment motion outside of the 28-day window established by Rule 59(e). At oral argument, Banks's attorney wisely conceded that her motion became a Rule 60(b) motion, and we treat it as such. Because Banks's post-judgment motion was not timely under Rule 59(e), it did not toll the time for her to file a notice of appeal of the judgment itself, so we do not have jurisdiction to consider her arguments challenging the grant of summary judgment. We limit the scope of our jurisdiction to the denial of Banks's post-judgment motion.

III. *The Denial of the Post-Judgment Motion*

We review a denial of a Rule 60(b) motion for abuse of discretion. *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.") (internal quotation marks omitted); *Talano*, 273 F.3d at 762. The district court may grant Rule 60(b) relief in six specified circumstances; only two are relevant to this appeal: "(1) mistake, inadvertence, surprise, or excusable neglect," and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief. See *Talano*, 273 F.3d at 762.

The concern that parties or courts could use Rule 60(b) to circumvent the time limit for filing appeals animates our case law. *E.g.*, *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013) ("If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) (dismissing an appeal of a district court's denial of a Rule 60(b) motion where the motion "was nothing more than the first step in an attempt to take an untimely appeal"). Where this concern is not present, a district court may grant relief under Rule 60(b)(1) to correct errors that might also be corrected on direct appeal. *Mendez*, 725 F.3d at 660–61 (affirming district court's grant of Rule 60(b) relief where district judge realized she had made a mistake that rendered the judgment incorrect and invited a party to file a Rule 60(b) motion; the party had an appeal pending and filed its Rule

60(b) motion just six days after filing its timely notice of appeal).

Absent such circumstances, a party invoking Rule 60(b) must claim grounds for relief "that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009), citing *Bell*, 214 F.3d at 801. Therefore, errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief. See *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); see also *Talano*, 273 F.3d at 762 (affirming denial of Rule 60(b) motion arguing that district court erred in applying state law and federal employment discrimination law).

The district court did not abuse its discretion by denying Banks's post-judgment motion for relief. In her motion, Banks argued that the district court erred by finding that she had not offered sufficient evidence to support her claims and by misinterpreting the Illinois Whistleblower Act. In her brief before this court, she advances the same errors of fact and law. These arguments could have been raised in a direct appeal, but Banks forfeited her opportunity to appeal the judgment because she failed to file a notice of appeal that would have been timely with respect to the entry of judgment. To protect her ability to raise these arguments, she had to file either a timely Rule 59(e) motion or a timely notice of appeal, and she did neither.

Nor can Banks fit her arguments into the catch-all provision of Rule 60(b)(6). Relief under this provision is an "extraordinary remedy" and should be granted only in "exceptional circumstances." *Bakery Machinery*, 570 F.3d at 848 (quotations omitted); see also *Gonzalez v. Crosby*, 545 U.S. 524, 535

(2005) ("extraordinary circumstances" are required to justify reopening of a judgment under Rule 60(b)(6)). The narrow operation of this provision reinforces our interest in barring the use of Rule 60(b)(6) as a substitute for direct appeal. Far from presenting any "extraordinary circumstances" that might warrant relief under Rule 60(b)(6), Banks presented only arguments suitable for a direct appeal for which we do not have jurisdiction, as explained above.

The fact that the district court may have mistakenly considered Banks's arguments under Rule 59(e) does not compel or even permit us to review the merits of the underlying judgment, and we express no opinion on whether summary judgment was correctly awarded to the defendants. Instead, we review only the district court's denial of Banks's post-judgment motion for abuse of discretion and find that there was none. Accordingly, we AFFIRM the district court's denial of Banks's post-judgment motion.