NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2796

TONY D. WALKER,
    *Plaintiff–Appellant*,

    *v.*

GARY HAMBLIN, et al.,
    *Defendants–Appellees*.

Appeal from the United States District
Court for the Eastern District of Wisconsin.

No. 11-CV-995

Lynn Adelman,
*Judge.*

**O R D E R**

Tony Walker, a Wisconsin inmate, filed a lawsuit in 2011 claiming that he was forced to serve additional time in segregation because of disciplinary charges that were brought to retaliate for his use of the grievance system at his prison. *See* 42 U.S.C. § 1983. One of those disciplinary charges had been lodged after Walker wrote to the prison's security director saying: "You don't scare me and your threats sounds like the cowardly lion in the Wizard of Oz … . [L]eave me alone and I'll return the favor, if not,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

lets go." The district court eventually granted summary judgment to the defendants, all of them Department of Corrections employees. The court reasoned that Walker's misconduct underlying the disciplinary charges was undisputed and he lacked evidence of a retaliatory motive. Two weeks after the deadline to appeal, *see* FED. R. APP. P. 4(a)(1)(A), Walker moved under Federal Rule of Civil Procedure 60(b) for the district court to vacate the judgment, arguing that the court had applied the wrong legal standard and that the evidence at summary judgment does not support the court's decision in favor of the defendants. The district court denied Walker's motion, explaining that Walker's arguments could have been raised on appeal and that Rule 60(b) is not a substitute for appeal.

Walker challenges the denial of his Rule 60(b) motion. As the district court explained, however, the arguments he made could have been, but were not, raised on appeal. *See Banks v. Chi. Bd. of Educ.*, No. 13-2018, 2014 WL 1628125, at *3 (7th Cir. Apr. 24, 2014); *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). His postjudgment motion was an attempt to avoid the deadline for filing a direct appeal and thus did not justify relief. *See Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014); *Mendez*, 725 F.3d at 659.

Accordingly, we **AFFIRM** the denial of Walker's Rule 60(b) motion. Walker has incurred one "strike" for filing his Rule 60(b) motion and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g).