NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued September 11, 2014
Decided October_____, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 13-2175 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| WILLIAM G. COLDWATE,<br>          *Plaintiff-Appellant*, | |
| | No. 10-CV-04918 |
| *v.* | |
| | **James B. Zagel**, *Judge*. |
| ALCATEL-LUCENT USA, INC.,<br>          *Defendant-Appellee*. | |

**O R D E R**

William G. Coldwate brought a series of claims against Alcatel-Lucent USA Incorporated after he was terminated from his position as a metal fabricating mechanic. Pretrial litigation ensued and the district court granted summary judgment in favor of Alcatel-Lucent. Coldwate filed three motions to reconsider, and the district court ultimately upheld its initial summary judgment determination. Coldwate appealed.

Due to the uncertain status of our appellate jurisdiction in light of the multiple motions to reconsider, we entered a series of orders instructing the parties to clarify the jurisdictional landscape of this appeal. After the benefit of briefing and oral argument, we conclude that we have jurisdiction over only a single issue, and affirm.

## I. Facts

Alcatel-Lucent USA Incorporated ("ALU") is a Delaware corporation that specializes in communications technology research. Since at least September 1981, it has operated a product development shop in Naperville, Illinois, where parts used by other divisions of the company are constructed. In September 1981, William G. Coldwate was hired by ALU to work as metal fabricating mechanic in the Naperville shop. Coldwate had a number of health problems during his twenty-seven-year career at ALU, most notably a history of rotator cuff tears. In 2006, he suffered a complete rupture of his right rotator cuff in an off-duty car accident. He had injured this rotator cuff twice previously, including another complete rupture requiring surgery. In 2007, after a short leave of absence following the accident, he returned to work with significant restrictions, which ALU accommodated with several months of light-duty work that was then available. After a series of complications arose from restrictions imposed on Coldwate's range of motion, he was terminated on October 4, 2008.

## II. Procedural History

In June 2010, Coldwate filed suit against ALU in Illinois state court, alleging that ALU terminated him in violation of the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.* ("IHRA") and the Employee Retirement Income Security Act ("ERISA"). After ALU removed this case to federal court, Coldwate was granted leave to amend his complaint to add a count under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), and two years of pretrial litigation commenced. The gravamen of Coldwate's theory was that ALU terminated him to save money. Coldwate alleged that ALU sought to terminate him because of his continued health problems. Further, he claimed that ALU had an incentive to terminate him because his termination did not obligate ALU to pay him full benefits under its severance plan. Finally, he asserted that his termination relieved ALU of its obligation to pay his pension, which accrued when he turned 65. ALU's theory was that it terminated Coldwate because he could no longer perform the essential functions of his duties and they had exhausted reasonable efforts to provide alternative work within his range of motion. On October 18, 2012, the district court

entered a Memorandum Opinion and Order granting ALU's motion "on all counts." On that date, the court also entered judgment for ALU.

On November 16, 2012, twenty-nine days after the summary judgment order was entered, Coldwate filed a motion styled "Plaintiff's Motion to Reconsider and to Amend Final Judgment" in which he sought reconsideration of his ADA claim only. At that time, he did not file a notice of appeal on either the IHRA or ERISA claims the district court had rejected. On January 25, 2013, the district court granted Coldwate's motion in part and sought further briefing, which the parties completed. On February 22, 2013, Coldwate filed his second motion for reconsideration. On March 25, 2013, the district court struck and withdrew its January 25, 2013 Memorandum Opinion and Order and entered an order denying Coldwate's second motion to reconsider. On April 22, 2013, Coldwate filed his third motion to reconsider, directed at the March 25, 2013 order, which was denied by minute entry on April 29, 2013. On May 28, 2013, Coldwate appealed, seeking review of all issues decided on summary judgment.

On May 31, 2013, we ordered Coldwate to file a statement addressing whether any of his motions tolled the time to appeal the district court's initial entry of summary judgment. He complied and on June 10, 2013, we entered an order instructing Coldwate to explain why our review should not be limited to review of the district court's denial of his third motion for reconsideration entered on April 29, 2013. After ordering a response from ALU, on November 4, 2013, we issued a final order instructing the parties to address all jurisdictional issues raised in our orders in their briefs on the merits.

## III. Analysis

### A. Appellate Jurisdiction

In pertinent part, Rule 52 of the Federal Rules of Civil Procedure states that "[o]n a party's motion filed not later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Similarly, Rule 59 states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 sets out six grounds for relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). Notably, Rules 52 and 59 contain hard deadlines of 28 days from the entry of judgment. Rule 60(b) contains no temporal limitation. But

the freedom to invoke Rule 60 at any time comes at the cost of a highly deferential standard of review.

On November 16, 2012, twenty-nine days after the district court's entry of its October 18, 2012 summary judgment order, Coldwate filed a motion styled as "Plaintiff's Motion to Reconsider and to Amend Final Judgment," in which he sought reconsideration of his ADA claim only. Coldwate invoked Rules 52(b) and 59(e) as the bases for revisiting the October 18, 2012 judgment. However, the deadline to file a motion under either Rule 52(b) or 59(e) ran on November 15, 2012. Thus, his motion to reconsider and amend were filed one day late, as both Rules require that any such motions must be filed within 28 days of the entry of the judgment.

"When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Thus, Coldwate's motion was effectively brought under Rule 60(b), regardless of how he styled it at the time or how the district court construed it. "A district court's acceptance of an untimely Rule 59(e) motion does not save the motion from this fate." *Id.* at 666–67. Motions that are effectively Rule 60(b) motions toll the time for appeal only if they are filed no later than 28 days after entry of the judgment, and Rule 52 or 59 motions have tolling effect only if they are timely (*i.e.,* filed within 28 days). *See* Fed. R. App. P. 4(a)(4)(A)(ii), (iv), (vi).

Because Coldwate's motion was filed twenty-nine days after entry of the judgment, his post-judgment motion was not timely under Rule 59(e). It did not toll the time for him to file a notice of appeal of the judgment itself, so we do not have jurisdiction to consider his arguments challenging the grant of summary judgment. *Banks*, 750 F.3d at 667. Therefore, we reject Coldwate's argument that his motion tolled the 30-day time limit to appeal the October 18, 2012 final judgment, and conclude that we lack jurisdiction over Coldwate's IHRA and ERISA claims.

### B. Rule 60(b) Analysis

The sole issue before us—Coldwate's ADA claim—is reviewed under Rule 60(b). "When a district court denies relief under Rule 60(b), appellate review is deferential." *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012) (citing *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985)). Therefore, we review the denial of a Rule 60(b)

motion for abuse of discretion. *Banks*, 750 F.3d at 667; *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000).

In its Memorandum Opinion and Order dated March 25, 2013, the district court held that Coldwate could not show he was terminated because of his disability, *see* 42 U.S.C. § 12112, concluding that:

> Ultimately this case boils down to Plaintiff's disagreement with 1) [Coldwate's supervisor's] assessment of plaintiff's right-shoulder capabilities; and 2) Dr. Pearah's determination of the appropriate physical restrictions to impose in light of [Coldwate's supervisor's] assessment and plaintiff's history of right shoulder injury.

> There is no genuine issue of material fact as to whether Plaintiff was terminated "because of" a record of disability or because Defendant regarded him as disabled. 42 U.S.C. § 12112. Defendant engaged in an exhaustive, three-month-long process to determine if there was any way that Plaintiff could perform his job following his 2007 surgery to repair his right rotator cuff. This process included a physical exam from an independent third-party, multiple conference calls between various employees to discuss possible accommodations, a special assessment of the core job functions of the MFM position, and a final consultation with a third-party group to determine whether any other accommodations should be considered.

*Coldwate v. Alcatel-Lucent USA, Inc.*, 2013 U.S. Dist. LEXIS 41083, *16–17 (N.D. Ill. March 25, 2013). On April 22, 2013, Coldwate filed his third motion for reconsideration, and the district court entered a minute entry denying that motion on April 29, 2013.

Under Rule 60(b), "we limit our consideration to discerning whether the district court erred in assessing factors that could render the judgment vulnerable to attack, i.e., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud." *Cash*, 209 F.3d at 697–98. But Coldwate's third motion for reconsideration challenges only the district court's legal conclusions contained in its Memorandum Opinion and Order entered on March 25, 2013, and "legal error is not a proper ground for relief under Rule 60(b)." *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). In other words, Coldwate challenges the district court's analysis on legal grounds other than those identified in Rule 60(b). Because Coldwate's third motion for reconsideration does

not raise any of the circumstances that are a valid basis for awarding relief from final judgment pursuant to Rule 60(b), the district court was justified in denying Coldwate's motion. *Id.* Accordingly, it did not abuse its discretion in denying Coldwate's motion to reconsider its March 25, 2013 decision. *Banks,* 750 F.3d at 667; *Cash*, 209 F.3d at 697.

## IV. Conclusion

Our jurisdiction is limited to review of the ADA claim raised in Coldwate's third motion for reconsideration. We treat this filing as motion under Rule 60(b). Because the district court did not abuse its discretion in denying Coldwate's third motion for reconsideration of its order granting ALU summary judgment, we AFFIRM.