┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 19, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3950

| | |
|---|---|
| BARRY A. ROBIN and ANNA MARIE ROBIN, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 CV 9099 |
| BANK OF NEW YORK MELLON, et al., *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Barry and Anna Marie Robin sued several financial institutions and law firms, which, they allege, wrongfully obtained a foreclosure judgment against their home in state court by engaging in a fraudulent scheme that violated the federal RICO statute. The district court, concluding that the Robins' lawsuit effectively sought review of the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

state court's foreclosure judgment, granted one defendant's motion to dismiss for lack of subject-matter jurisdiction on the basis of the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The court entered judgment for all defendants, and the Robins did not appeal.

Four months later, the Robins filed a "Motion To Reconsider." They argued that the district judge had overlooked *Iqbal v. Patel*, 780 F.3d 728 (2015), in which we explained that the *Rooker-Feldman* doctrine does not apply when a plaintiff seeks damages for fraud that occurred outside of state litigation and that independently caused injury. *Id.* at 730 (when extrajudicial fraud causes injury, "then a district court has jurisdiction—but only to the extent of dealing with that injury."). Reasoning that the Robins' case did not fit this description, the judge denied the motion.

On appeal the Robins contend that the district judge misconstrued their allegations and therefore wrongly concluded that the *Rooker-Feldman* doctrine deprived the court of jurisdiction. We cannot consider this argument directly because the Robins did not file a timely appeal of the judgment of dismissal or file, within the allotted 28 days, a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). Given the timing of their motion to the district court, they could obtain relief only under the catchall-provision of Rule 60(b)(6). *See Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583, 585 (7th Cir. 2012). A Rule 60(b)(6) motion is not a substitute for a timely appeal, *e.g.*, *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013), so the Robins needed to show that "exceptional circumstances" warranted the "extraordinary remedy" of reviving their dismissed case. *Blue*, 676 F.3d at 585 (internal quotation marks and citation omitted); *see also Banks*, 750 F.3d at 667–68. In their motion and appellate brief, the Robins presented arguments that might have been appropriate for a timely appeal (though we are not saying they would have prevailed), but they did not identify any exceptional circumstances that made it an abuse of discretion to deny their motion. *See Mendez*, 725 F.3d at 660–61 (reviewing denial of Rule 60(b)(6) motion only for abuse of discretion).

It does not matter that the district judge, in denying the Robins' motion, referred to Rule 59(e)'s standards of "manifest error" and "newly discovered evidence" and not to Rule 60(b). *See Banks*, 750 F.3d at 668. Their motion, however styled, argued that there was federal subject matter jurisdiction and therefore asked the judge to correct a purported legal error. The district judge did not abuse her discretion in denying the Rule 60(b)(6) motion to reconsider her earlier decision on that issue.

AFFIRMED.