**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 29, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 16-3188

| | |
|---|---|
| VINCENT RAYGOZA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-1406 |
| WEXFORD HEALTH SOURCES, INC., et al., *Defendants-Appellees*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Vincent Raygoza's lawsuit against prison medical staff was dismissed with prejudice as a sanction for his uncooperative behavior during his deposition. Raygoza now appeals the denial of his latest postjudgment motion seeking to reopen the case. Because the district judge acted reasonably in denying the motion, we affirm.

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A). Because this appeal is frivolous, it counts as one of Raygoza's allotted "strikes" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

Raygoza sued Wexford Health Sources, a private company that provides medical care in Illinois prisons, and three of its doctors for deliberate indifference in treating his inguinal hernia. Two days before his scheduled deposition, Raygoza asked not to be deposed without first obtaining recruited counsel. On the morning of the deposition, the court denied that request and warned him that he could be sanctioned if he refused to be deposed. Raygoza sat for—but acted unruly during—the deposition: he refused to answer many questions and responded to others with rambling, irrelevant narratives.

Based on his refusal to answer questions during the deposition, the defendants then moved to have Raygoza sanctioned under Federal Rule of Civil Procedure 37(b)(2) and sought dismissal of the suit as a sanction. Raygoza responded that he had not prepared for the deposition, which he assumed would be postponed until his pending motion was resolved; that he had refused to answer many questions because they were leading or irrelevant; and that counsel had bullied him during the questioning. The district judge determined that sanctions were warranted under the circumstances: Raygoza had a history of violating court orders, had been warned about possible sanctions, had refused nonetheless to answer legitimate questions, and had prejudiced the defendants with his uncooperative behavior. Raygoza filed four motions, all styled differently, that asked the court to reconsider its decision to close the case, but the court denied all of them. We later dismissed Raygoza's appeal from the underlying sanctions order because he did not pay the docketing fee. *Raygoza v. Wexford Health Sources, Inc.*, No. 16-1858 (7th Cir. dismissed July 11, 2016).

After that appeal's dismissal, Raygoza again moved the district court to reopen the case. He contended that he had been sufficiently cooperative during his deposition and that he had been unprepared because he thought the deposition would not proceed. The judge saw no basis for reopening and denied the motion.

Raygoza now appeals from the denial of his last postjudgment motion. His brief is barebones, but we can discern one general argument—that the district court erred in granting the motion for sanctions because the defendants did not specify how they had been prejudiced by his deposition testimony.

The court acted well within its discretion in denying Raygoza's motion. Because he filed the motion more than 28 days after entry of final judgment, the motion is treated as arising under Federal Rule of Civil Procedure 60(b). *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). When an appeal is timely only as to the denial of a

Rule 60(b) motion, we may not review the correctness of the underlying judgment—as Raygoza asks us to do here by challenging the district court's imposition of sanctions. *See Gleason v. Jansen*, 888 F.3d 847, 851–52 (7th Cir. 2018). Moreover, Raygoza has not described any "exceptional circumstances" warranting relief, as Rule 60(b) requires. *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009).

AFFIRMED