NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 12, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2795

| | |
|---|---|
| ANTONIO VERNON,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 568 |
| CBS TELEVISION STUDIOS, et al.,<br>*Defendants-Appellees.* | Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Antonio Vernon sued television networks, production companies, and actors for stealing his idea for a show called *Cyber Police*. The district court dismissed his complaint for want of prosecution. Vernon moved to reopen and file a third amended complaint. The court reinstated the case, which was then reassigned to a different judge.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The new judge reviewed the motions to reopen and file an amended complaint and denied them both because the proposed amended complaint failed to state a claim. In lieu of appealing, Vernon moved for reconsideration (twice) and to file a fourth amended complaint. This appeal concerns only the denials of Vernon's last two motions for reconsideration and to file a fourth amended complaint. We affirm.

Vernon created the show *Cyber Police* and sent three scripts to a production company. Months later, he saw shows including *Intelligence*, *CSI: Cyber*, and *Cybergeddon,* which he thought were copies of *Cyber Police*. He sued in a California district court, alleging breach-of-contract and copyright-infringement claims against various production companies, television networks, and actors involved in the programs. After amending his complaint, Vernon asked for his case to be transferred to the Northern District of Illinois, *see* 28 U.S.C. §§ 1404, 1406, and the California court obliged.

Vernon then moved for leave to file a second amended complaint. The district court—Judge Shadur—dismissed the complaint for failing to include a short and plain statement of the claims, as required by Federal Rule of Civil Procedure 8. Judge Shadur allowed Vernon to file a proposed third amended complaint within five weeks and warned that if he missed the deadline his case would be dismissed for want of prosecution. After five *months* passed, the judge dismissed the case and entered judgment. Two weeks later, Vernon moved to reopen his case and file a third amended complaint. Judge Shadur granted the motion to reopen, accepting Vernon's explanation for the delay. But, without ruling on the motion for leave to amend, Judge Shadur requested that the Executive Committee randomly reassign the case due to his ongoing post-surgical rehabilitation. *See* N.D. ILL. L.R. 40.1.

In September 2017, the case was reassigned to Judge Kennelly. In October, the judge re-reviewed Vernon's motions to reopen and file a third amended complaint and denied them both because Vernon's proposed third amended complaint did not state a claim, and there was no basis to believe that he could file a viable complaint if given the chance. Judge Kennelly "decline[d] to vacate the judgment."

Eight months later, in June 2018, Vernon moved under Federal Rule of Civil Procedure 60 for reconsideration, arguing that his proposed third amended complaint did state a claim. He also moved for leave to file a fourth amended complaint with "significant changes." In a July order, the judge denied his motions, concluding that the latest proposed amended complaint still failed to state a claim. Vernon then moved to

"modify the record," a motion that the judge summarily denied in August. Vernon filed a notice of appeal, and in a prior order we limited the appeal to only the July and August 2018 decisions. *See* FED. R. APP. P. 4(a)(1).

On appeal, Vernon first contends that Judge Kennelly abused his discretion in July when he denied the Rule 60 motion to reconsider because, Vernon argues, the motion adequately explained why his proposed complaint stated a claim. But his argument that his complaint stated a claim was not proper under Rule 60 because it was an argument that could have been addressed by this court, and "[a] Rule 60(b) motion is not a substitute for appeal." *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). Otherwise, a litigant could extend the time to appeal beyond the time limits provided in the Federal Rules. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667–68 (7th Cir. 2014); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). The court did not abuse its discretion in denying Vernon's Rule 60(b) motion.

Regarding the denial of Vernon's request to submit a fourth amended complaint, we agree with the district court that the proposed complaint did not state a claim. The court already had noted in October 2017 that the proposed third amended complaint did not state a breach-of-contract claim. Vernon's allegation of an "idea submission implied contract" with the production company was insufficient to plausibly suggest that the company intended to enter into an agreement and establish an implied-in-fact contract, or that the company was unjustly enriched after receiving his scripts such that we would find an implied-in-law contract. *See Marcatante v. City of Chicago*, 657 F.3d 433, 440, 442 (7th Cir. 2011). And nothing was added in the fourth amended complaint that could plausibly suggest the existence of any contract. For the same reason, Vernon failed to state a claim of tortious interference. *See Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018).

As for the copyright-related claims, Vernon described the supposedly copied features of his work—agents fighting cybercrime, "romantic strife," and "computer hijacking"—but those features are too common and standard to plausibly suggest that the defendants' shows were "substantially similar" to his. *See Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1100–01 (7th Cir. 2017); *Gaiman v. McFarlane*, 360 F.3d 644, 659–60 (7th Cir. 2004). Vernon argues that he made "significant changes" between the third and fourth amended complaints about his theory of "source misrepresentation" under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. But Vernon did not allege any misrepresentation made *to him* about the copied works. *See id.*; *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d

801, 844, 849 (Ill. 2005). He instead pleaded only that the defendants copied *Cyber Police* from him and then "misrepresented the source" of the ideas to others.

Last, the court did not abuse its discretion in August when summarily denying Vernon's motion to "modify the record." Vernon's motion argued that in October 2017 Judge Kennelly should not have "decline[d] to vacate the judgment" and instead should have proceeded as if his case were already reopened. But Vernon had presented this contention in previous motions, and we have repeatedly held that, even for pro se litigants, a district judge does not abuse his discretion by declining to revisit the same arguments that he has previously rejected. *See Stoller*, 528 F.3d at 479–80. Further, Vernon has not explained to us how he was prejudiced by Judge Kennelly's 2017 decision. He is preoccupied with what he considers a conflict between Judge Shadur's order granting his motion to reopen and Judge Kennelly's order declining to vacate the judgment because Vernon did not submit a proposed amended complaint that stated a claim. A district court is free to reconsider its own interlocutory rulings, *see Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015), so Judge Kennelly was entitled to determine whether the case should be reopened. But, in any case, Judge Shadur expressly reserved for the new judge the question whether the new complaint stated a claim; there is no conflict with Judge Kennelly's order doing just that.

AFFIRMED