**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 1, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2107

| | |
|---|---|
| LU AKU, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | No. 17 C 1229 |
| CHICAGO TEACHERS UNION, et al., | Sara L. Ellis, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Lu Aku appeals the denial of his motions under Federal Rule of Civil Procedure 60(b) to reopen his suit for age and race discrimination. We affirm.

Aku sued the Chicago Board of Education, his former employer, for firing him because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and because of his race and national origin, in violation of Title VII of the Civil

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rights Act of 1964, 42 U.S.C. § 2000e-2. He also sued the Illinois Department of Human Rights and the Illinois Educational Labor Relations Board on the theory that they had aided and abetted the Board of Education in violating his rights. The district court granted the defendants' motion to dismiss. The court explained that Aku's claims against the Board of Education duplicated those pending in another suit, *see Aku v. Chi. Bd. of Educ.*, No. 17-cv-1226, 2018 WL 2984819 (N.D. Ill. June 14, 2018),[1] and that his allegations against the Illinois Department of Human Rights and the Illinois Educational Labor Relations Board failed to state a claim under the ADEA or Title VII.

In lieu of appealing, Aku filed three consecutive, virtually identical motions under Federal Rule of Civil Procedure 60(b), asserting that the state defendants and the Illinois Attorney General obtained the judgment through fraud, perjury, or obstruction of justice. He suggested that the state defendants committed "fraud on the court" by representing in a brief supporting their motion to dismiss that the Illinois Human Rights Act, 775 ILCS 5/2-105, protects African Americans from discrimination—a statement he regards as false. The district court summarily denied all three motions in a minute entry.

On appeal, Aku generally challenges the judgment dismissing his case, but in a prior order we limited this appeal to a review of the denial of his Rule 60(b) motions. The district court properly exercised its discretion in denying those motions because Aku's fraud argument reprised a theory he advanced in an earlier motion to amend his complaint, but the court had not accepted it. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 479–80 (7th Cir. 2008). Moreover, to the extent that Aku challenges the denial of his motions on the basis that the motion to dismiss violates clearly established law, he may not use Rule 60(b) to make arguments he could have raised in a timely appeal. *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014).

We have considered Aku's remaining arguments and not one has merit.

AFFIRMED

---

[1] This case is still pending and in discovery before the district court.