NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020[*]
Decided April 30, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3198

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 03-cv-75-jdp |
| PAUL A. HEINRICH, *Defendant-Appellant.* | James D. Peterson, *Chief Judge.* |

**O R D E R**

Over 15 years ago, the district court enjoined Heinrich to comply with a federal environmental order. Heinrich had built a road across wetlands on his property, violating the Clean Water Act. He did not comply with the Environmental Protection Agency's order to restore the land, so the United States sued to enforce that order. The district court permanently enjoined Heinrich to restore the wetlands, and we affirmed. *United States v. Heinrich*, 184 Fed App'x 542 (7th Cir. 2006). In 2018 Heinrich moved to reconsider the injunction under Federal Rule of Civil Procedure 60(b). He argued

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

primarily that the district judge was prejudiced towards lawyers (like him) and this prejudice prevented him from presenting a defense.

The district court denied Heinrich's Rule 60(b) motion as untimely and meritless. It explained that Rule 60(b) movants must file either one year after judgment or within a reasonable time, depending on the grounds asserted. Heinrich did neither. Moreover, the court explained, he should have raised his assertions of prejudice on direct appeal. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014).

On appeal Heinrich frivolously argues that the district court wrongly denied his Rule 60(b) motion. He complains that the court cited no precedent and that his case warrants relief under Rule 60(b)(6) because it is complex and the district judge was vindictive against lawyers. But the district court had robust grounds for denying Heinrich's post-judgment motion. The timeliness of a Rule 60(b)(6) motion depends, in part, on the proffered reason for the delay. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 609–10 (7th Cir. 1986). Heinrich presented *no* justification for his 15-year delay in filing his motion. Nor did he explain, as he must, *see id.* at 606–07, why he was unable to raise on direct appeal the main argument that he presents in his motion—the supposed prejudice of the district judge. These omissions, coupled with the strong interest in finality, required the denial of this motion. *See id.* at 610.

We have reviewed Heinrich's remaining arguments, and none has merit.

AFFIRMED