> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020[*]
Decided October 26, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1338

| | |
|---|---|
| KEVIN E. CARTER, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 1482 |
| CVS PHARMACY, INC., <br> *Defendant-Appellee.* | Virginia M. Kendall, *Judge.* |

## O R D E R

Kevin Carter moved for relief from a judgment dismissing his lawsuit against his former employer, CVS, for workplace sexual harassment and discrimination. The district court, which had granted the employer's motion to compel arbitration of the claims, denied the motion. Because the district court did not abuse its discretion in

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

rejecting Carter's allegations of a conspiracy to prevent him from pursuing arbitration, we affirm.

Carter first pursued his claims by filing a charge with the Illinois Department of Human Rights in 2017. After withdrawing from mediation, and receiving a right-to-sue notice, he filed a federal complaint claiming a hostile work environment, discrimination, and retaliation based on his sex and sexual orientation, as well as underpayment of wages. The district court recruited counsel for Carter. CVS then moved to dismiss the complaint based on a mandatory arbitration agreement that Carter had agreed to when he was hired. The district court ruled that a binding and enforceable arbitration agreement existed; it dismissed the suit and entered final judgment on January 16, 2019. Seven months later, Carter appealed. We found his appeal untimely under FED. R. APP. P. 4(a)(1)(A) and dismissed it for lack of jurisdiction. *Carter v. CVS Pharmacy*, No. 19-2511 (7th Cir. Sept. 17, 2019).

In the meantime, Carter had turned to arbitration, but he waited two months after his lawsuit was dismissed to file a demand, though he had just eight days left on the clock. Carter blamed his lawyer and CVS for missing the arbitration deadline, and, in January 2020, he moved to present "new evidence" in his federal suit. He alleged that they had conspired to prevent him from pursuing arbitration by withholding a copy of the arbitration agreement until it was too late to file a demand. The district court construed this as a motion for relief from the judgment based on new evidence or fraud, FED. R. CIV. P. 60(b)(2)–(3), and determined that Carter's own exhibits showed that his lawyer had received the agreement in August 2018, six months before he filed his untimely arbitration demand in March 2019. The agreement was also appended to CVS's October 2018 reply brief in support of its motion to compel arbitration. The court ruled that Carter presented no evidence that his lawyer had colluded with CVS to keep the agreement from him, or that lacking a copy of the agreement prevented him from filing his demand. Deeming Carter's allegations of a conspiracy "wild" and "outlandish," the court denied Carter's motion on February 3, 2020.

Carter now appeals both the dismissal of his case and the denial of his post-judgment motion. The appeal is timely solely with respect to the latter ruling, however. We dismissed his first appeal because the August 5, 2019, notice of appeal came far too late to challenge the judgment of January 16, 2019. It follows that the notice of appeal of February 25, 2020, is also untimely to appeal that same judgment; the ruling on the Rule 60(b) motion, filed a year after the dismissal, did not restart the clock as to the underlying judgment. *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016) ("[A]n

appeal from the denial of a motion under Rule 60(b) does not allow the court of appeals to address the propriety of the original judgment, for that would be equivalent to accepting a jurisdictionally untimely appeal.").

We therefore consider only whether the district court abused its discretion in denying Carter's post-judgment motion. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014). Under this deferential standard, Carter must show that "no reasonable person could agree with the decision to deny relief." *Eskridge v. Cook Cty.*, 577 F.3d 806, 808–809 (7th Cir. 2009) (internal quotation marks omitted).

Rule 60(b) allows relief from a judgment where the movant can show "compelling and extraordinary circumstances," including newly discovered evidence or fraud. *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020); *see also* FED. R. CIV. P. 60(b)(2)–(3). Here, the district court reasonably concluded that Carter had demonstrated neither.

First, Carter's motion provided no new facts that would justify revisiting the judgment. Rule 60(b)(2) requires "evidence that, with reasonable diligence, could not have been discovered in time" for a motion under Rule 59. As Carter's evidence consisted entirely of correspondence between his lawyer and CVS that occurred before CVS moved to dismiss in September 2018, it added nothing to the record. *Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018) ("[E]vidence that was available at all times…is not 'newly discovered'" under Rule 60(b)(2).).

Second, as the district court concluded, Carter's allegations of fraud on the court were based on an implausible, unsupported account of a conspiracy to prevent him from enforcing his rights. A party alleging fraud on the court "must demonstrate that the fraud prevented it from fully and fairly presenting a meritorious claim." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). Carter did not show that anyone "corrupt[ed] the judicial process" in his case. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (citation omitted) (internal quotation marks omitted). On appeal, he reiterates the same allegations he made in his Rule 60(b) motion with no more substantiation. In any case, his suggestion of interference with his ability to file a timely arbitration demand does not call into question the decision that federal court is not the proper forum for his claims, so it would not be grounds for vacating the order compelling arbitration.

AFFIRMED