**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 21, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 19-3505

| | |
|---|---|
| HARRY BARNETT,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 1368 |
| KWAME RAOUL, et al.,<br> *Defendants-Appellees*. | Virginia M. Kendall,<br>*Judge*. |

**O R D E R**

Harry Barnett, who protested outside Burton and Rita Siegal's home for over seven years until an Illinois court issued a no-contact order, sued the Siegals, their lawyer, and various state officials, challenging the order and the law on which it was based. The district court concluded that Barnett sought reversal of a state court's judgment and dismissed his complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Barnett filed a post-judgment motion to reconsider, which the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

court struck, and then a second, which the court denied. Because Barnett's appeal is timely only as to the second motion, and the district court did not abuse its discretion in denying it, we affirm.

On more than 75 occasions over seven years, Barnett picketed outside the home of the elderly Siegals, protesting what he viewed as illegal business practices by the engineering firm that they ran out of their home. He also maintained a website dedicated to exposing their supposed misbehavior. Barnett's efforts ended in 2016 when the Circuit Court of Cook County granted the Siegals a two-year no-contact order under Illinois' civil stalking statute. *See* 740 ILL. COMP. STAT. 21/1–135. Barnett appealed through the state court system, challenging both the order and the constitutionality of the statute, to no avail. *See Siegal v. Barnett*, 2018 IL App (1st) 163073-U. He did not seek review from the Supreme Court of the United States.

In 2019, after the stalking order expired, Barnett filed this federal suit raising several challenges to the state court proceedings and repeating his argument that Illinois' civil stalking statute is unconstitutional. He named nine defendants: the Siegals, their son, their lawyer, the current and former attorneys general and governors of Illinois, and the chief judge of the Circuit Court of Cook County. Barnett's amended complaint included 13 counts, including claims under 42 U.S.C. § 1983 that "the circuit court's rulings" violated his First and Second Amendment rights, as well as claims for abuse of process and civil conspiracy. In each count, he repeated that he wanted the district court "to vacate the stalking orders."

The defendants moved to dismiss on several grounds, and the district court ultimately dismissed the suit for lack of subject-matter jurisdiction. It concluded that Barnett explicitly sought to reverse the outcome of the state court proceedings and relitigate issues that the state courts had already decided, actions that were "plainly barred" by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It also rejected Barnett's contention that there is a "fraud exception" that allowed him to pursue his claims in federal court.

Twenty-eight days after the entry of judgment, Barnett filed a "motion to amend" the order, citing both Federal Rules of Civil Procedure 59(e) and 60(b). But Barnett did not file a notice of presentment, as required by Local Rule 5.3(b), so the court struck his motion two days later. Barnett re-filed his motion on October 29—35 days after the entry of judgment. He argued that the court made several "errors of law" in dismissing his complaint, including failing to address several of his arguments about

why the *Rooker-Feldman* doctrine did not apply to his case and concluding that there is no fraud exception. The court addressed Barnett's motion under Rule 59(e) because he asserted legal error, which is not a basis to disturb a judgment under Rule 60(b), and it denied the motion.

On December 23, 2019, Barnett filed a notice of appeal seeking to challenge both the dismissal of his complaint and the denial of his motion to reconsider. We notified the parties that the appeal appeared to be untimely with respect to the original judgment and asked them for jurisdictional memoranda on this issue. After reviewing the briefs, we limited the scope of the appeal to the denial of the second post-judgment motion.

Although the district court construed that filing as a Rule 59(e) motion, a motion filed 35 days after the entry of judgment must be treated as one under Rule 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). A Rule 59(e) motion must be filed within 28 days of the entry of judgment, and this time limit is "unyielding." *Id.* at 666. When a party files a post-judgment motion outside the 28-day window, we treat it as a Rule 60(b) motion no matter how the party or the district court viewed it, and we review the denial of the motion for abuse of discretion. *Id.* at 666–67.

Because Barnett raised only purported legal errors in his Rule 60(b) motion, the district court did not abuse its discretion by denying it. *Id.* at 667–68. As the district court correctly noted, legal error is not one of the specified grounds for relief under Rule 60(b). If it were, parties could use Rule 60(b) to circumvent the time limit for appealing a judgment. *See id.* at 667. Barnett contends that several of his arguments for jurisdiction fell under either Rule 60(b)(1)—which allows relief based on mistake or inadvertence—or the catch-all provision of Rule 60(b)(6). But "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Id.* And Rule 60(b)(6) provides an "extraordinary remedy" that should be granted only under "exceptional circumstances." *Id.* at 668. Barnett did not establish any such circumstances; he presented only arguments suitable for a direct appeal that he failed to timely initiate. *Id.* Therefore the court did not abuse its discretion by denying his motion.

AFFIRMED