NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1348

| | |
|---|---|
| MIKHAIL TSUKERMAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-3214 |
| | |
| WESTERN COMMUNITY UNIT | Sue E. Myerscough, |
| SCHOOL DISTRICT NO. 12, et al., | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Mikhail Tsukerman appeals the denial of his motions to reopen the employment-discrimination lawsuit that the district court dismissed with prejudice after Tsukerman had refused to comply with an order to pay the defendant's costs from an earlier lawsuit. Tsukerman maintains that forcing him to pay the costs before proceeding with a second lawsuit is unfair because the defendant's lawyer committed fraud, discovery

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

violations, and other misconduct throughout the litigation. Because Tsukerman has not demonstrated any abuse of discretion, we affirm.

Tsukerman first sued his former employer, Western Community Unit School District No. 12, in 2016, but, through counsel, he voluntarily dismissed the action without prejudice. FED. R. CIV. P. 41(a)(1)(A)(ii). The stipulation for dismissal reserved District 12's right under Rule 41(d) to recover its costs if Tsukerman refiled the case. Less than a year later, Tsukerman (now pro se) filed a new complaint, reasserting his earlier claims and alleging fraud by the defense. On District 12's motion, the court stayed the proceedings until Tsukerman paid the costs required by the earlier stipulation of dismissal. *See* FED. R. CIV. P. 41(d).

Tsukerman objected to the stay and asked the court to excuse him from payment because he was indigent and, he insisted, District 12's counsel had committed a host of fraudulent acts and other misconduct beginning before the voluntary dismissal. Tsukerman accused defense counsel of, for example, suborning perjury because counsel questioned a witness about events that Tsukerman believes never happened and listed as a potential witness a former District 12 employee with no first-hand knowledge of the events underlying the lawsuit. Tsukerman also asserted that defense counsel violated discovery rules by refusing to produce documents while the case was stayed and obstructed his access to the court by seeking dismissal on procedural grounds rather than arguing the merits. The court declined to excuse Tsukerman from paying the costs, and when he confirmed his refusal to pay, it dismissed the refiled case with prejudice under Rule 41(b) for want of prosecution.

Tsukerman appealed, and we affirmed. *See Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*, 796 F. App'x 312 (7th Cir. 2020). We rejected his arguments that the district court abused its discretion by dismissing the case for his failure to pay costs despite his indigence and defense counsel's supposed misconduct. We explained that even indigent parties are subject to Rule 41, and so the district court need not have considered Tsukerman's ability to pay. We did not discuss the purported fraud.

After losing his appeal, Tsukerman returned to the district court and moved to reinstate the case. *See* FED. R. CIV. P. 60(b)(3), (d)(3). In two substantially similar motions, he repeated his earlier accusations of fraud and misconduct by defense counsel and argued that he should be allowed to proceed without paying the costs. The court denied the motions, finding that Tsukerman's proffered evidence showed no wrongdoing. Tsukerman appeals the ruling.

Now, Tsukerman principally argues that the district court ignored evidence of defense counsel's misconduct in refusing to reopen the case. A district court may relieve a party from an adverse judgment on the basis of fraud or misconduct by the opposing party. FED. R. CIV. P. 60(b)(3), (d)(3). District courts have "great latitude" when considering these motions, and we review only for abuse of discretion. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (internal citations omitted).

There was no abuse of discretion here. First, as the district court stated, Tsukerman produced no evidence of fraud or misconduct warranting sanctions. The conduct he highlights is not malfeasance at all—it is standard practice. In fact, the record shows that counsel responded to intemperate accusations with considerable professionalism. Second, the district court had considered and rejected Tsukerman's accusations when deciding both whether to stay the case and whether to relieve him from costs, so there was no error in not reassessing his repetitive arguments when declining to reopen the case. *See Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

We have considered Tsukerman's other arguments, and they are without merit.

AFFIRMED